[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10667
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00038-HES-JRK


RANDY SPENCER,

                                                    Plaintiff - Appellant,

versus

ASSISTANT STATE ATTORNEY MELISSA OLIN,
CIRCUIT JUDGE LEANDRA JOHNSON,
SHERIFF MARK HUNTER,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 21, 2015)

Before MARCUS, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Randy Spencer, a Florida prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his civil rights complaint, filed pursuant to 42 U.S.C. § 1983.  Mr. Spencer—who was charged with, and ultimately pled guilty to, two counts of sale or delivery of a controlled substance, two counts of possession of a controlled substance with intent to sell, three counts of possession of a controlled substance, and one count of possession of drug paraphernalia—claimed in his complaint that Florida Circuit Judge Leandra Johnson conspired with Assistant State Attorney Melissa Olin to deprive him of due process of law. He alleged that Judge Johnson set an excessive bond, was biased against him, and conspired with Ms. Olin to deny him pretrial discovery by refusing to have him transported to the hearings pertaining to his requests for discovery.  In addition, Mr. Spencer alleged that Sheriff Mark Hunter denied him access to the courts by limiting his use of the law library and refusing to allow him to copy his legal documents and view evidence he needed to prepare his defense.

Mr. Spencer requested relief in the form of a declaration that Judge Johnson's "neutrality evaporated [when she made an] adverse 'guilty' determination at [his] first appearance proceeding," which violated his due process rights.  In addition, he requested a declaration that Judge Johnson and Ms. Olin denied him a reasonable opportunity to make his own defense (Mr. Spencer was proceeding *pro se* in the criminal case) in violation of his right to due process, and

a declaration that Sheriff Hunter's inadequate law library access violated due process.

The district court construed Mr. Spencer's complaint as a request for mandamus relief and determined that it did not have jurisdiction to issue a writ of mandamus to direct the state circuit court or any of its judges in the performance of their duties. *See, e.g., Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties ."). [1] The district court also ruled that, to the extent Mr. Spencer was seeking habeas relief, such an action would be premature as Mr. Spencer had not yet been convicted and sentenced as of the date of its order.

On appeal, Mr. Spencer contests this re-characterization of his complaint and argues that the district court erred in dismissing his claims because he demonstrated an exceptional circumstance meriting equitable relief under *Younger v. Harris*, 401 U.S. 37 (1971). Mr. Spencer asserts that "[J]udge Johnson, [P]rosecutor Olin, and Sheriff Hunter forced [him] to plea[d] guilty by irreparably

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), we adopted as binding all Fifth Circuit precedent prior to October 1, 1981.

injuring [his] *Faretta*[2] right to make [his] own defense, where they denied [him] access to law library books, equipment, and material."

*Younger* and its progeny generally direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *See Younger*, 401 U.S. at 40-41. *See also Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (extending *Younger* to requests for declaratory relief). Absent "extraordinary circumstances," abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Middlesex County Ethics Comm. v. Garden State bar Ass'n*, 457 U.S. 423, 432 (1982). Federal abstention is not required, however, if a plaintiff can demonstrate: (1) evidence of state proceedings motivated by bad faith, (2) that irreparable injury would occur, or (3) that there is no adequate alternative state forum where the constitutional issues can be raised. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n. 6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53–54).

Mr. Spencer's state criminal proceedings commenced prior to the filing of his § 1983 complaint in this matter, and at the time the district court dismissed the complaint, the proceedings remained pending. Mr. Spencer could have raised his

---

[2] *Faretta v. California*, 422 U.S. 806 (1975).

constitutional claims (the denial of due process and the denial of access to the courts) in the state criminal proceedings. We find no extraordinary circumstances in this appeal warranting an exception to federal abstention. Accordingly, we conclude that *Younger* abstention was appropriate here, and, although not for the reasons stated in the district court's order, we affirm the dismissal of Mr. Spencer's complaint. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below.").[3]

    **AFFIRMED.**

---

[3] Even if we were to conclude that Mr. Spencer sufficiently demonstrated an exception to the applicability of *Younger* abstention with regards to his access to courts claim (which we do not), Mr. Spencer's claim would nevertheless fail because we have previously held that a *pro se* criminal defendant has no constitutional right of access to a law library or legal materials where counsel has been offered. *See Edwards v. United States*, 795 F.2d 958, 961 nn. 1 & 3 (11th Cir.1986) (rejecting a collateral challenge to a criminal conviction based on the denial of library access while the petitioner proceeded pro se at trial, and concluding that "[w]hen counsel is offered, the alternative of a library is not mandatory").